**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RANDY NERONI, an Individual, and
ALLISON NERONI, an Individual,

        Case No. 13-11823
   Plaintiffs,        Hon. Lawrence P. Zatkoff

v.

BANK OF AMERICA, N.A., successor by merger
to BAC HOME LOANS SERVICING L.P. f/k/a
COUNTRYWIDE HOME LOANS SERVICING,
L.P., and SUZANNE MALI, Deputy Sheriff in and
for the County of Macomb,

   Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Reconsideration [dkt 19]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), a response to Plaintiffs' motion is not permitted. As such, the Court finds that the facts and legal arguments are adequately presented in Plaintiffs' motion and brief such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), and 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Plaintiffs' motion is DENIED.

### II. BACKGROUND

Plaintiffs' motion challenges the Court's October 17, 2013,[1] Order granting Defendant Bank of America, N.A.'s motion to dismiss. In its October 17, 2013, Order, the Court found that Plaintiffs' complaint lacked the factual allegations necessary to state a claim upon which the Court could grant relief.

---

[1] Although Plaintiffs Motion for Reconsideration was filed past the 14 day deadline contained in E.D. Mich. L.R. 7.1(h)(1), in the interest of justice the Court will nonetheless consider Plaintiffs' Motion.

On this basis, the Court dismissed all of Plaintiffs' claims contained in Plaintiffs' complaint (Counts I-VII) against Defendant Bank of America, N.A.

### III. LEGAL STANDARD

Local Rule 7.1(h) governs motions for reconsideration, stating that they must be filed within 14 days after entry of the judgment or order. E.D. Mich. L.R. 7.1(h)(1). "The court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F. Supp. 2d 609, 618 (E.D. Mich. 2008).

### IV. ANALYSIS

Plaintiffs' motion fails to state a palpable defect by which the Court has been misled. Rather, Plaintiffs' motion presents issues that the Court has already ruled upon. *See* E.D. Mich. L.R. 7.1(h)(3). Further, the motion indicates only Plaintiffs' disagreement with the Court's ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 2:06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008).

### V. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration [dkt 19] is DENIED.

IT IS SO ORDERED.

Date:  December 4, 2013                                s/Lawrence P. Zatkoff
                                                                             HON. LAWRENCE P. ZATKOFF
                                                                             U.S. DISTRICT JUDGE