UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY NERONI, an Individual, and
ALLISON NERONI, an Individual,

                                                            Case No. 13-11823
          Plaintiffs,                                       Hon. Lawrence P. Zatkoff
v.

BANK OF AMERICA, N.A., successor by merger
to BAC HOME LOANS SERVICING L.P. f/k/a
COUNTRYWIDE HOME LOANS SERVICING,
L.P., and SUZANNE MALI, Deputy Sheriff in and
for the County of Macomb,

          Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 24, 2014

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendant Suzanne Meli's[1] Motion to Dismiss [dkt

22].  Plaintiffs have responded to Defendant Suzanne Meli's motion [dkt 24].  Also before the

Court is Plaintiffs' motion for an extension of time to file Notice of Appeal [dkt 21].  The motion

for an extension of time to file Notice of Appeal relates to a previous decision made by the Court

granting Defendant Bank of America, N.A.'s motion to dismiss [dkt 16].  Plaintiffs' motion is

fully briefed.  The Court finds that the facts and legal arguments are adequately presented in the

parties' papers such that the decision process would not be significantly aided by oral argument.

---

[1] Although identified as "Suzanne Mali" in the case caption by Plaintiffs, Defendant Suzanne Meli has indicated the
correct spelling of her name is with an "e", not an "a".  As such, the Court will use the correct spelling.

Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted, without oral argument.  For the following reasons, Defendant Suzanne Meli's motion is GRANTED and Plaintiffs' motion is DENIED.

## II. BACKGROUND

### A.  FACTUAL BACKGROUND

This case deals with foreclosure proceedings.  In their *pro se* Amended Complaint, Randy Neroni and Allison Neroni (the "Plaintiffs") claim Defendant Bank of America, N.A. ("Defendant BOA") failed to properly communicate with Plaintiffs while improperly foreclosing on their home.  On October 15, 2008, Plaintiffs obtained a loan in the amount of $98,718.00 (the "Loan") from Taylor, Bean & Whitaker Mortgage Corporation (the "Original Lender") that was secured by a mortgage (the "Mortgage") on real property located at 13091 Picadilly Drive, Sterling Heights, Michigan 48312 (the "Home").  Mortgage Electronic Registration Systems, Inc. ("MERS") was designated as the mortgagee solely as the Original Lender's nominee.

On September 26, 2011, the Mortgage was assigned from MERS to Defendant BOA, and was duly recorded on September 30, 2011, in the Macomb County Deed Registry.  Due to a scrivener's error in the address, the assignment was corrected on June 1, 2012, and the corrected assignment to Defendant BOA was recorded on August 15, 2012, in the Macomb County Deed Registry.  Plaintiffs defaulted on the Loan, and Defendant BOA pursued foreclosure by advertisement.  On November 2, 2012, Defendant BOA purchased the Home at a sheriff's sale. Defendant Suzanne Meli ("Defendant Meli") was the Sheriff's Deputy that, as auctioneer, sold the property and signed the Sheriff's Deed.  The redemption period expired on May 2, 2013.

**B. PROCEDURAL BACKGROUND**

Plaintiffs filed their Amended Complaint on June 14, 2013. On October 17, 2013, the Court granted Defendant BOA's motion to dismiss, dismissing Counts I–VIII of Plaintiffs' Amended Complaint [dkt 16]. On December 4, 2013, the Court denied Plaintiffs' motion for reconsideration of the Court's order granting Defendant BOA's motion [dkt 20].

In the final remaining count of their Amended Complaint, Plaintiffs assert a claim against Defendant Meli in her official capacity as a Deputy Sheriff of Macomb County. Plaintiffs allege Defendant Meli was negligent in her actions during the sheriff's sale of Plaintiffs' home, alleging Defendant Meli did not make a reasonable effort to ensure the information contained in the Sheriff's Deed was factually accurate.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

## IV. ANALYSIS

### A. PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE AN APPEAL

The Court will first address Plaintiffs' motion for extension of time to file Notice of Appeal. Although discussed by neither party, Plaintiffs' attempt to appeal the Court's order granting Defendant BOA's motion to dismiss is an interlocutory appeal. *See* 28 U.S.C. § 1292(b). Indeed, as the Court's order granting Defendant BOA's motion to dismiss was not a final order and did not dismiss Plaintiffs' complaint in total, any appeal of this order without certification from the Court would be premature. *See Id.*, *Wiltse v. Clarkson*, 542 F.2d 363 (6th Cir. 1976).

Prior to the Court's instant ruling, no final decision in this case has been made. Additionally, this Court has not certified—nor have the Plaintiffs' requested certification—for interlocutory appeal under 28 U.S.C. § 1292(b). As such, the Court denies Plaintiffs' motion for extension of time to file Notice of Appeal as premature.

### B. DEFENDANT MELI'S MOTION TO DISMISS

The Court now turns to Defendant Meli's motion to dismiss. Defendant Meli asserts Plaintiffs' claim against her is based on a faulty premise. Defendant Meli claims Plaintiffs suggest Defendant Meli failed in her "duty" to regulate the foreclosure of Plaintiffs' home by not taking steps to ensure that Defendant BOA was the owner of the indebtedness secured by the Mortgage or the servicing agent of the Mortgage entitled to foreclosure. Defendant Meli argues,

though, that the law is clear that no such duty on the part of the Sheriff exists, relying on *Northrip v. Fed. Nat'l Mortg. Ass'n.*, 527 F.2d 23 (6th Cir. 1975).  Further, even if such a duty existed, Defendant Meli asserts the Court's ruling that Defendant BOA has the authority to foreclose on Plaintiffs' home means Defendant Meli could not have been negligent in stating in her affidavit that Defendant BOA had such authority.

Plaintiffs do not argue against either of these points.  Instead, in their two page response to Defendant Meli's motion, Plaintiffs state: "Defendant Suzanne Mali is in default (see attached clerks default).  Until the default is set aside, we are unable to answer the substance of Defendant Suzanne Malis Motion to Dismiss." (parenthetical in original).

The Court is not convinced by Plaintiffs' "argument".  No such "clerks default" was attached to Plaintiffs' response; indeed, no evidence of the existence of this alleged "clerks default" was provided to the Court.  In fact, on July 18, 2013, the Clerk's office sent Plaintiffs a notice of denial of their request for entry of default against Defendant Meli [dkt 11].  Further, the Sixth Circuit has indicated that the presence of a sheriff at a foreclosure sale is "only incidental, and not essential" to the actual sale of a foreclosed home.  Finally, Plaintiffs provide no evidence to persuade this Court—in light of the Court's previous ruling that Defendant BOA had authority to foreclose on Plaintiffs' home—that their claim has the factual content needed for the Court to draw a reasonable inference that Defendant Meli is liable for the alleged misconduct.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant Suzanne Meli's Motion to Dismiss [dkt 22] is GRANTED.   As all of Plaintiff's outstanding claims have now been dismissed, Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiffs' motion for an extension of time to file Notice of Appeal [dkt 21] is DENIED.

IT IS SO ORDERED.

<div style="margin-left: 40%;">

s/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
U.S. DISTRICT JUDGE

</div>

Date:  April 24, 2014

6