**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RANDY NERONI, an Individual, and
ALLISON NERONI, an Individual,

          Plaintiffs,

v.

BANK OF AMERICA, N.A., successor by merger
to BAC HOME LOANS SERVICING L.P. f/k/a
COUNTRYWIDE HOME LOANS SERVICING,
L.P., and SUZANNE MALI, Deputy Sheriff in and
for the County of Macomb,

          Defendants.
_____/

Case No. 13-11823
Hon. Lawrence P. Zatkoff

## ORDER DENYING PLAINTIFFS' MOTION TO VOID ORDER

This matter is before the Court on Plaintiffs' Motion to Void Order [dkt. 30]. Defendant Bank of America, N.A., filed a response to Plaintiffs' motion, and Plaintiffs have not filed a reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the reasons set forth below, Plaintiffs' motion is DENIED.

### I. BACKGROUND

Plaintiffs' current motion once again[1] challenges the Court's October 17, 2013, Order (the "Order") granting Defendant Bank of America, N.A.'s motion to dismiss. In the Order, the Court found that Plaintiffs' complaint lacked the factual allegations necessary to state a claim

---

[1] Although not specifically referenced, it appears Plaintiffs' Motion to Void Order refers to this Court's Order granting Defendant Bank of America, N.A.'s Motion to Dismiss [dkt. 16]. As such, Defendant Suzanne Mali is not implicated by Plaintiffs' motion, and thus is not referenced further.

upon which the Court could grant relief. On this basis, the Court dismissed all of the claims contained in Plaintiffs' complaint (Counts I-VII) against Defendant Bank of America, N.A.

Plaintiffs previously filed—and the Court dismissed—a motion for reconsideration challenging the Order [dkt. 19–20]. The Court found that Plaintiffs' previous motion failed to state a palpable defect by which the Court had been misled, instead presenting issues that the Court had already ruled upon.

## II. ANALYSIS

Plaintiffs now ask this Court for relief from the Order pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. Specifically, Plaintiffs claim the Order is void "for lack of subject matter jurisdiction and violation of Plaintiff's [sic] procedural due process rights." Dkt. 30, p. 2. On this basis, Plaintiffs argue the Court must grant relief.  The Court does not agree.

"Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). "Congress has broadly authorized the federal courts to exercise subject-matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 505 (2006) (citing 28 U.S.C. § 1331). Further, the Supreme Court has expressed that "the essential requirements of due process . . . are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985).

Plaintiffs have failed to provide any evidence or argument that the Order was "premised" on a jurisdictional error or a deprivation of notice or the opportunity to be heard. Plaintiffs'

Amended Complaint contains four counts alleging infringement of the Real Estate Settlement Procedures Act ("RESPA") and three common law counts. As an alleged violation of RESPA is a civil action arising under the laws of the United States, the Court finds that it has subject matter jurisdiction to entertain Plaintiffs' claims.[2] Additionally, the Court finds that it has given Plaintiffs ample notice of the proceedings in this matter,[3] and has given Plaintiffs extensive opportunities to be heard. Indeed, Plaintiffs have entered no less than six different filings pertaining to the claims the Court ruled on in the Order.[4] As such, the Court finds that Plaintiffs have failed to show the Order violated their procedural due process rights.

Plaintiffs' Motion to Void does not offer any argument as to why the Order "is void for lack of subject matter jurisdiction and violation of Plaintiff's [sic] due process rights." Instead, Plaintiffs' motion presents factual and evidentiary issues that this Court has twice ruled upon: once in the Order and once in the Order Denying Plaintiffs' Motion for Reconsideration. [dkt. 20]. As such, Plaintiffs have failed to show that Rule 60(b)(4) applies to this Court's Order.

### III. CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' Motion to Void Order [dkt. 30] is DENIED.

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                HON. LAWRENCE P. ZATKOFF
Date: October 14, 2014          U.S. DISTRICT COURT

---

[2] Indeed, Plaintiffs' Amended Complaint clearly states that "[t]his Court has jurisdiction under 28 U.S.C. 1331 (federal question)." Dkt. # 7, p. 1 (parenthetical in original). Further, the Court has supplemental jurisdiction over Plaintiffs' remaining claims. *See* 28 U.S.C. § 1367.

[3] Although Plaintiffs suggest they have not been served "with any order of the court after October 2013," the Court's records indicate all Court orders entered after October 2013 have been mailed to the address provided by Plaintiffs. This is the same address Defendants have used throughout the entirety of this matter to serve Plaintiffs, and Plaintiffs do not suggest they have not received Defendant's filings. Finally, the Federal Rules of Civil Procedure indicate "service" is accomplished by the mailing of the order, not receipt by Plaintiffs. *See* Fed.R.Civ.P. 5(b)(2)(C). Accordingly, the Court finds Plaintiffs' arguments concerning lack of service without merit.

[4] *See* Dkt. #'s 1, 7, 9, 15, 19, 30.